IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| CLAREMONT PROPERTY COMPANY, | * | |
|---|---|---|
| | * | |
| *Plaintiff,* | * | |
| | * | |
| v. | * | CASE NO.: 1:22-CV-00206- TFM-N |
| | * | |
| ISLAND TOWER OWNERS | * | |
| ASSOCIATION, INC., et al. | * | |
| | * | |
| *Defendants.* | * | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

Island Tower Owners Association, Inc. (hereafter "ITCOA"), pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, has moved this Honorable Court to dismiss Count II (Unjust Enrichment/Quantum Meruit) of Plaintiff's Complaint for failure to state a claim for which relief can be granted because it is precluded by Plaintiff's assertion of Count I (Breach of Contract). ITCOA has also moved to dismiss Count I and Count II because they do not state claims upon which relief can be granted because Alabama law prohibits an unlicensed general contractor from recovering in contract or in equity for work done in violation of the Alabama General Contractor's Practice Act, Ala. Code §34-8-1 et seq. *See Architectural Graphics and Construction Services, Inc. v. Pitman*, 417 So.2d 574, 576 (Ala. 1982) ("a contract by an unlicensed 'general contractor,' as defined in § 34–8–1, is null and void as a violation of that public policy [requiring general contractors to be licensed]. Such contracts are illegal and unenforceable by the unlicensed general contractor.")

# I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert the following defense by motion: "failure to state a claim upon which relief can be granted." If relief cannot be granted for a stated claim, then the claim is due to be dismissed pursuant to Rule 12(b)(6). *See Prickett v. BAC Home Loans*, 946 F. Supp. 2d 1236, 1248 (N.D. Ala. 2013) (dismissing unjust enrichment claim where defendant argued relief cannot be granted when an unjust enrichment claim is brought concurrently with a breach of contract claim covering the same subject). Where a party has stated a claim based on a void contract, the party has failed to state a claim upon which relief can be granted because a court cannot grant relief based on a void contract. *See Price v. Univ. of Alabama*, No. 03-15511, 2004 WL 1253201, at *3 (11th Cir. Apr. 20, 2004) (upholding dismissal of a claim based on a contract that was void under Alabama law because it violated the Statute of Frauds).

When faced with a 12(b)(6) motion to dismiss, a court may consider the content of the complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The court may take judicial notice at any time in the proceeding of its own accord or upon request of a party who supplies the court with the necessary information. *Id.*

When determining whether to grant this motion to dismiss, the Court must view the allegations in the Complaint as true and must view the allegations in the pleader's favor. *Irby v.*

*Evonik Corp.*, No. 1:20-CV-337-TFM-M, 2021 WL 6050434, at *2 (S.D. Ala. Mar. 23, 2021). If the allegations of the Complaint are viewed most strongly in favor of Claremont and all of the allegations are taken as true, then Count II must be dismissed because Plaintiff's allegation of the existence of an express contract between it and ITCOA and its claim for breach of that contract in Count I preclude its claim in Count II. If the Court takes judicial notice of the fact that Claremont was not licensed as a general contractor at the time of the contract and the work in question, as will be further discussed below, then Counts I and II must be dismissed for failure to state claims for which relief may be granted because the Court may not grant relief based on an express or implied contract that is void for violation of the Alabama General Contractor's Practice Act (the "AGCPA"), Ala. Code §34-8-1 *et seq*. *See Architectural Graphics and Construction Services, Inc. v. Pitman*, 417 So.2d 574, 576 (Ala. 1982) ("a contract by an unlicensed 'general contractor,' as defined in § 34–8–1, is null and void as a violation of that public policy. Such contracts are illegal and unenforceable by the unlicensed general contractor.")

## II. Argument

**A. Count II (Unjust Enrichment/Quantum Meruit) must be dismissed for failure to state a claim for which relief may be granted because it is precluded by Plaintiff's express contract claim.**

A claim sounding in quasi contract or implied contract must be dismissed when it is brought concurrently with a claim seeking to enforce an express contract covering the same subject matter because it is not based on an independent wrongful act aside from a breach of the underlying contract. *Alabama Space Sci. Exhibit Comm'n v. Markel Am. Ins. Co.*, No. 21-13313, 2022 WL 1667904 at *3 (11th Cir. May 25, 2022); *Carter v. L'Oreal USA, Inc.*, No. CV 16-00508-CG-B, 2017 WL 389166, at *2 (S.D. Ala. Sept. 6, 2017). Alabama courts have held that "[w]here an express contract exists between two parties, the law generally will not recognize an implied

contract regarding the same subject matter." *Kennedy v. Polar-BEK & Baker Wildwood Partnership*, 682 So.2d 443, 447 (Ala. 1996); *see also Vardaman v. Florence City Bd. of Educ.*, 544 So.2d 962, 965 (Ala. 1989); *Mantiply v. Mantiply*, 951 So.2d 638, 654 (Ala. 2006).

In cases "where…an express contract exists, and there is no dispute as to its existence and enforceability, courts have not permitted any party to proceed under a theory of law that implies a contract." *Forward Momentum, LLC v. Team Health, Inc.*, No. 2:17-CV-346-ECM, 2019 WL 5616904, at *3 (M.D. Ala. Oct. 30, 2019) (citing *Univalor Trust, SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016) (denying the defendants' motion to amend to add an unjust enrichment counterclaim because the defendant pleaded the existence of an express contract, precluding an unjust enrichment claim); *Pearson's Pharmacy v. Express Scripts, Inc.*, 505 F. Supp.2d 1272 (M.D. Ala. 2007) (dismissing constructive trust claims and unjust enrichment claims because a constructive trust is an equitable remedy and an adequate remedy at law precludes the equitable remedy of a constructive trust); *GE Capital Aviation Servs., Inc. v. Pemco World Air Servs.,Inc.*, 92 So.3d 749 (Ala.2012) (dismissing a plaintiff's unjust enrichment claim and expressly rejecting the plaintiff's argument that dismissal would be premature); *Selby v. Goodman Mfg. Co.*, No. 2:13-cv-2162, 2014 WL 2470317, at *5 (N.D. Ala. June 17, 2014) (stating "[i]t is not whether Plaintiff is successful on a breach of contract claim that precludes her unjust enrichment claim, it is the undisputed existence of a contract"); *Wynn v. Davidson Design & Dev., Inc.*, No. 09-0790, 2010 WL 891905 (S.D. Ala. Mar. 8, 2010) (rejecting the plaintiff's argument that he could plead unjust enrichment in the alternative when he conceded there was an express contract on the same subject as the unjust enrichment claim); *Selman v. CitiMortgage, Inc.*, No. 12-0441, 2013 WL 838193, at *13 n.19 (S.D. Ala. Mar. 5, 2013) (acknowledging that claims for breach of contract and implied contract may only coexist where the existence of the express

contract is in dispute, but dismissing the plaintiffs' unjust enrichment claim because there was no dispute that a contract existed between the parties)).

Here, the existence of a contract governing Claremont's provision of work and materials to ITCOA is not in dispute. In its own Complaint, Claremont claims that a contract covers the services provided by Claremont to ITCOA. (Compl Doc. 2 at ¶7) ("On or around November 20, 2020, Defendants contracted with Plaintiff to perform construction for the complex"). Claremont's Unjust Enrichment/Quantum Meruit claim is based on its allegation that "Plaintiff conferred a benefit upon Defendants by providing the contracted-for services to Defendants, which directly benefited the Defendants." (Doc. 2 ¶17). This assertion of an express contract covering the subject matter precludes a remedy in quasi-contract, thus Plaintiff's Count II is due to be dismissed. *See Carter v. L'Oreal USA, Inc.*, No. CV 16-00508-CG-B, 2017 WL 389166, at *2 (S.D. Ala. Sept. 6, 2017) (dismissing unjust enrichment claim when there was an express contract covering the subject matter).

**B. Count I (Breach of Contract) and Count II (Unjust Enrichment/Quantum Meruit) must be dismissed for failure to state a claim upon which relief can be granted because the contract they seek to enforce is void for illegality.**

Plaintiff is not and has never been licensed as a General Contractor in the State of Alabama. Therefore, the contract Plaintiff alleges to have entered into with Defendant and seeks to enforce by this action is void. Under Alabama law, an unlicensed general contractor may not enforce its contract thereby illegally entered into or recover in a suit in equity based on such contract. *Cooper v. Johnston*, 283 Ala. 565, 569, 219 So. 2d 392, 396 (1969).

The Alabama General Contractor's Practice Act ("AGCPA"), Ala. Code 1975 §34-8-1, is "regulatory legislation designed to protect the public against incompetent contractors and to assure properly built structures which are free from defects and dangers to the public." *Architectural*

*Graphics and Construction Services, Inc. v. Pitman*, 417 So.2d 574, 576 (Ala. 1982). As this statute is "the firm public policy of this state," in keeping with this policy, contracts of unlicensed general contractors have consistently been held null and void as a violation of that public policy. *Brown v. Mountain Lakes Resort, Inc.*, 521 So.2d 24, 25 (Ala. 1988).

Plaintiff has not stated claims for which relief can be granted for its contract and quasi contract claims because (1) it was unlicensed; (2) the contracted work was of the type covered by the licensure statute; and (3) the cost of the work met the amount set out in the statute. *See B.D. Stephenson Trucking, L.L.C. v. Riverbrooke Cap. Partners, L.L.C.*, No. CIV.A. 06-0343-WS-M, 2006 WL 2772673, at *3 (S.D. Ala. Sept. 25, 2006) (outlining the elements to show that as a matter of law, an unlicensed contractor cannot recover for work done); *see also Central Alabama Home Health Services, Inc. v. Eubank*, 790 So.2d 258 (Ala. Civ. App. 2000), rehearing denied.

In *White-Spunner Construction, Inc. v. Construction Completion Company, LLC*, 103 So.3d 781 (Ala. 2012), the Alabama Supreme Court faced a situation where White-Spunner Construction, a licensed general contractor, contracted with Construction Completion Company, also a licensed general contractor, for work at Auburn University. Construction Completion Company then subcontracted with Buena Vista Construction to provide workers for the project. Buena Vista Construction was not licensed as a contractor as was required by the AGCPA. When White Spunner disputed some invoice for the work, Construction Completion Company filed suit. White-Spunner defended the suit successfully by contending that Buena Vista Construction's lack of licensure barred Construction Completion Company from recovering for work done illegally by Buena Vista Construction. In refusing to allow recovery based on invoices for work performed by an unlicensed contractor, the court held that "the courts will not be used to assist 'those who transgress the moral or criminal code.'" *Id.* at 794 (*citing Oden v. Pepsi Cola Bottling Co. of*

*Decatur*, 621 So. 2d 953, 954–55 (Ala. 1993) ("A person cannot maintain a cause of action if, in order to establish it, he must rely in whole or part on an illegal or immoral act or transaction to which he is a party.")

This Court has affirmed the holdings of Alabama courts concerning the effect of nonlicensure on contract claims and quasi contract claims and has said "Alabama law clearly holds that a party cannot recover for work performed in violation of the AGCPA." *ThyssenKrupp Steel USA, LLC v. United Forming, Inc.*, 926 F. Supp.2d 1286, 1293 (S.D. Ala. 2013). This Court has also stated: "Alabama courts make no apologies for the sometimes draconian consequences of this inflexible rule, but instead explain that this licensing statute is a 'penal one, and harsh results sometimes flow from the construction of a penal statute.'" *B.D. Stephenson Trucking, L.L.C. v. Riverbrooke Cap. Partners, LLC*, No. CIV.A. 06-0343-WS-M, 2006 WL 2772673 at *2 (S.D. Ala. Sept. 25, 2006) (citing *Architectural Graphics,* 417 So.2d at 577).

**1. Claremont is not and has never been licensed as a general contractor in the State of Alabama.**

When ruling on a Rule 12(b)(6) motion to dismiss, under Federal Rule of Evidence 201, this Court may take judicial notice of public records without needing to convert the motion into a motion for summary judgment. *Smith v. Sec'y of Veterans Affs.*, 808 F. App'x 852, 853 (11th Cir. 2020). Federal Rule of Evidence 201 provides in pertinent part:

> (b) **Kinds of Facts That May Be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it:
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> (c) **Taking Notice.** The court:
> (1) may take judicial notice on its own; or

> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> (d) **Timing.** The court may take judicial notice at any stage of the proceeding.

"[D]istrict courts have considerable discretion to take judicial notice of public records," *Mahan v. Retrieval-Masters Credit Bureau, Inc.*, 777 F. Supp. 2d 1293, n.4 (S.D. Ala. 2011) (*citing Universal Express, Inc. v. U.S. S.E.C.,* 177 Fed.Appx. 52, 53 (11th Cir. 2006) (on a motion to dismiss, "[p]ublic records are among the permissible facts that a district court may consider"); *DZ Bank AG Deutsche Zentral–Genossenschaftsbank v. McCranie,* 2010 WL 4739521, *2 (M.D.Fla. Nov. 16, 2010) ("Public records comprise a category of documents subject to judicial notice.")).

Among the public records subject to judicial notice are records of licensure. *See Associated Indem. Corp. v. Small*, No. 06-00187-CV-W-REL, 2008 WL 11338112, n.4 (W.D. Mo. Feb. 20, 2008) (Taking judicial notice pursuant to FRE 201 of Vanessa Beauchamp, Executive Director of the Missouri Real Estate Appraisal Commission's, November 20, 2007 affidavit wherein she testified that "[t]he Commission's records reflect that Randy Grundy or Randy M. Grundy are not presently nor have they ever been licensed nor certified as an Appraiser by the Missouri Real Estate Appraisal Commission."); *see also Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, No. 611CV368ORL19GJK, 2012 WL 13103015 (M.D. Fla. Jan. 18, 2012) (taking judicial notice of plaintiff's licensing history as kept in records of Secretary of State of Tennessee); *Piccard v. Deedy*, No. 1:21-CV-558-MLB, 2022 WL 832425, at *2 (N.D. Ga. Mar. 21, 2022) (taking judicial notice of business licenses of a publishing company called Interior Solutions for 2018, 2019, 2020, 2021, and 2022); *Peoples Super Liquor Stores, Inc. v. Jenkins*, 432 F. Supp. 2d 200

(D. Mass. 2006) (taking judicial notice of opinion of Massachusetts Alcoholic Beverage Control Commission denying application for license to operate liquor store).

Attached as Exhibit 1 is an affidavit from the Executive Director of the Alabama Licensing Board for General Contractors, which provides the record of Plaintiff's licensure status. The affidavit states that the Plaintiff has never been licensed as a prime general contractor in the state of Alabama. This document is a statement of the contents of a public record, issued by a state governmental agency. As in *Associated Indem. Corp., supra*, an affidavit of the custodian of the public records provided to the court detailing the fact of nonlicensure is subject to judicial notice under FRE 201.

Federal Rule of Evidence 201 mandates that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Defendant ITCOA hereby requests that this Court take judicial notice of the fact that Plaintiff has never been licensed as a prime general contractor in the State of Alabama, pursuant to Federal Rule of Evidence 201.

**2. The contracted work was of the type covered by the licensure statute.**

Ala. Code §34-8-1 states in relevant part as follows:

> (a) For the purpose of this chapter, a "general contractor" is defined to be one who, for a fixed price, commission, fee, or wage undertakes to construct or superintend or engage in the construction, alteration, maintenance, repair, rehabilitation, remediation, reclamation, or demolition of any building, highway, sewer, structure, site work, grading, paving or project or any improvement in the State of Alabama where the cost of the undertaking is fifty thousand dollars ($50,000) or more, shall be deemed and held to have engaged in the business of general contracting in the State of Alabama.

Keeping its review within the bounds of the Complaint and the judicially noticeable fact of Claremont's nonlicensure, this Court will see that Claremont has alleged that it contracted with ITCOA "to perform construction for the complex" and that its contracted work included "making

repairs to Island Tower," "purchas[ing] materials," and "employing labor" (Compl. Doc. 2 at ¶¶7-8). Claremont also stated that Island Tower is "a condominium complex located in Gulf Shores, Alabama." (Compl. Doc. 2 at ¶6). Thus, the contracted work for which Claremont seeks to recover in Counts I and II of its Complaint was of the type covered by the licensure statute.

Claremont claims it is entitled to $740,303.41 for the construction and repair work it did to Island Tower (Compl. Doc. 2 at ¶10). The statute requires licensure as a general contractor when the cost of the undertaking is $50,000.00 or more, so Claremont's allegation that it is owed $740,303.41 for the work means that the work falls under the ambit of the licensure statute.

As Claremont is unlicensed as a general contractor and seeks to recover for work that is covered by the licensure statute, the law prohibits recovery by Claremont on its Breach of Contract claim (Count I) or its Quantum Meruit/Unjust Enrichment claim (Count II).

## Conclusion

Based on the foregoing, Claremont's claim in Count II of its Complaint is due to be dismissed because it is precluded by Claremont's assertion of a contract covering the subject matter and its claim for breach of that contract. Claremont's claims against ITCOA by Counts I and II of its Complaint are due to be dismissed because the work was performed in violation of the AGCPA, thus rendering the underlying contract void and precluding any equitable recovery.

Respectfully submitted,

*s/ Tyler W. Thull*
GEORGE R. IRVINE, III (IRV001)
SHAWN T. ALVES (ALV009)
TYLER W. THULL (THU009)
*Attorneys for Island Tower Owners Association, Inc.*

**STONE CROSBY, P.C.**
Attorneys at Law
8820 U.S. Highway 90
Daphne, Alabama 36526
Email: girvine@stonecrosby.com
salves@stonecrosby.com
tthull@stonecrosby.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of June, 2022, I electronically filed the foregoing via the Court's CM/ECF system, and I also served a copy via-first class United States mail, postage prepaid, upon the following:

Jack P. Russell, Esq.
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue N. Suite 400
Birmingham, Alabama 35203
Email: jrussell@handfirm.com
-and-
Patrick Ward, Esq.
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601-0123
Email: pward@handfirm.com
*Attorneys for Plaintiff, Claremont Property Company, Inc.*

*s/Tyler W. Thull*
TYLER W. THULL