**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CLAREMONT PROPERTY COMPANY,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:22-CV-00206-TFM-N** |
| | ) |
| **ISLAND TOWER OWNERS ASSOCIATION,** | ) |
| **INC., and FICTITIOUS PARTIES A-D, being** | ) |
| **fictitious party Defendants, whose names are no** | ) |
| **known at this time, but which will be added** | ) |
| **when ascertained, and who are those persons** | ) |
| **firms, corporations, or other legal entities,** | ) |
| **which benefitted from the work performed by** | ) |
| **Plaintiff. Upon ascertaining the proper names** | ) |
| **and/or identities of the Fictitious Defendants,** | ) |
| **Plaintiff will seasonably amend the Complaint** | ) |
| **to identify the parties,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS**

**COMES NOW** Plaintiff, Claremont Property Company (Plaintiff or "Claremont"), by and

through its undersigned counsel, and files its response in opposition to Defendant's, Island Tower

Owners Association, Inc. ("Island Tower") Motion to Dismiss (Doc. 6) as follows:

**INTRODUCTION**

Island Tower's Motion is due to be denied. The Motion is not only premature, but it is also

based on the mistaken position that Claremont may not plead alternative claims for relief and was

improperly licensed. As will be shown below, Island Tower's positions are misplaced. Claremont

was properly licensed under Alabama law, and Island Tower's factual challenge to Claremont's

licensure status cannot be appropriately addressed until the parties have had an opportunity to

engage in discovery. Overall, the Motion and request for judicial notice is due to be denied.

## I.    FACTS

Plaintiff, Claremont Property Company, Inc., is a Texas corporation that restores and remediates properties that have experienced a water, fire, or other destructive event. (Doc. 1-1, PageID.11.) Defendant, Island Tower Owners Association, Inc., is the owner's association of the Island Tower condominiums located at or near 521 W. Beach Blvd., Gulf Shores, Alabama ("Island Tower"). (*Id.*) On or around November 20, 2020, Island Tower contracted with Plaintiff to perform work on the condominium complex. (*Id.*, PageID.12.) This work included making repairs to complex and performing remediation to areas that suffered water and moisture damage. (*Id.*) Upon completion of each stage of the work, Claremont provided invoices to Island Tower. (*Id.*) Island Tower paid some, but not all of the invoices. To date, Island Tower has failed to pay the amounts due under the invoices. (*Id.*)   A balance remains of $740,303.41. (*Id.*)

## II.    STANDARD

Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted. On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (citation omitted). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted)). Moreover, the court must draw "all reasonable inferences in the plaintiff's favor." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). "The fact that defendants may have a plausible defense to plaintiffs' . . .  claims

does not render [Plaintiff's] claims implausible." *ANZ Advanced Techs., LLC v. Bush Hog, LLC*, No. CIV.A. 09-00228-KD-N, 2009 WL 3415650, at \*4 (S.D. Ala. Oct. 20, 2009).

## III.    CLAREMONT IS NOT PRECLUDED FROM SEEKING ALTERNATIVE FORMS OF RELIEF.

Island Tower's assertion that Claremont may not seek alternative relief in the form of both an unjust enrichment claim (Count II) and breach of contract (Count I) is due to be rejected. Both Alabama law and the *Federal Rules of Civil Procedure* contemplate that Claremont may maintain both claims, especially in the face of assertions regarding the invalidity of the contract at issue. *See AAL USA, Inc. v. Black Hall Aerospace, Inc*., No. 2:16-CV-02090-KOB, 2018 WL 1157201, at \*2 (N.D. Ala. Mar. 5, 2018) ("Alabama law does not bar . . . pleading unjust enrichment as an alternative to a breach of contract claim."); *Fed. R. Civ. P.* 8(d) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); *Green v. Roberts*, No. CIV.A. 10-0481-WS-M, 2011 WL 4915231, at \*5 n.14 (S.D. Ala. Oct. 14, 2011) ("it is bedrock principle of federal civil procedure that pleading in the alternative is an accepted practice.").

Claremont acknowledges that some Courts, as Island Tower points out, have dismissed claims for equitable relief that accompanies a breach of contract claim. However, these decisions, including many of those cited by Island Tower, involved claims for alternative relief based on express contracts where there was no dispute regarding the validity or enforceability of the agreements and are therefore distinguishable.[1] *See Selby v. Goodman Mfg. Co., LP,* No. 2:13-CV-

---

[1] Most of the cases cited by Island Tower address different claims, different procedural postures, and at least one plaintiff's failure to respond to such an argument, *see Prickett v. BAC Home Lo*ans, 946 F. Supp. 2d 1236, 1248 (N.D. Ala. 2013). And, while Island Towers claims that the existence of the contract is not in dispute, Island Tower has certainly challenged the validity and enforceability of any alleged contract.

2162-RDP, 2014 WL 2740317, at *6 (N.D. Ala. June 17, 2014) (breach of warranty claim regarding undisputedly valid and enforceable contract); *Selman v. CitiMortgage, Inc.*, No. CIV.A. 12-0441-WS-B, 2013 WL 838193, at *13 n.19 (S.D. Ala. Mar. 5, 2013) (lack of dispute regarding the validity of the agreement); *Wynn v. Davison Design & Dev., Inc.*, No. CIVA 09-0790-CG-C, 2010 WL 891905, at *10 (S.D. Ala. Mar. 8, 2010) (granting a motion for judgment on the pleadings when Defendant admitted existence of binding and enforceable contract).

As the Middle District of Alabama pointed out in Forward Momentum, LLC v. Team Health Inc., cited by Island Tower, "[a] plaintiff may proceed under both a breach of contract claim, and an unjust enrichment claim on the same subject when the *existence or enforceability of the contract is in dispute*." No. 2:17-CV-346-ECM, 2019 WL 5616904, at *3 (M.D. Ala. Oct. 30, 2019) (emphasis in the original). Here, Island Tower has explicitly challenged the enforceability of the contract between the parties, arguing that the contract may not be enforceable due to licensure concerns. Moreover, the Complaint does not indicate that all of the work performed by Claremont was performed pursuant to the terms of a written or explicit contract between the parties. Accordingly, Claremont may maintain its claim for equitable relief, and Island Tower's motion is due to be denied.

## IV.   ISLAND TOWER'S MOTION IS PREMATURE.

Island Tower seeks to prematurely dismiss Claremont's claims for breach of contract and equitable relief by having the Court make a number of factual leaps to dismiss Claremont's Complaint. However, the Court should not indulge Island Tower's request. Claremont should be provided with a reasonable opportunity to address the record and complete needed discovery relating to the work on the project.

**A. Discovery is needed before Island Tower's licensure defense may be fully considered.**

Island Tower's motion to dismiss Claremont's breach of contract claim rests on materials that are extrinsic to the Complaint, including the affidavit of Tiffany Loveless - the Executive Director of the Alabama Licensing Board for General Contractors. As this Court has recognized, the questions regarding a contractor's licensure status are more appropriately addressed in a summary judgment motion <u>after</u> the parties have been provided "a reasonable opportunity" to supplement the record and address these contentions. *See B.D. Stephenson Trucking, L.L.C. v. Riverbrooke Cap. Partners, L.L.C.,* No. CIV.A. 06-0343-WS-M, 2006 WL 2772673, at *1 (S.D. Ala. Sept. 25, 2006) (converting motion to dismiss to motion for summary judgment when Defendant moved to dismiss on licensure grounds because the materials relied on by the defendant were extrinsic) *White-Spunner Construction, Inc. v. Construction Completion Company, LLC,* 103 So. 3d 781 (Ala. 2012) (addressing licensure questions at the summary judgment stage); *ThyssenKrupp Steel USA, LLC v. United Forming, Inc*., 926 F.Supp.2d 1286, 1288 (S.D. Ala. 2013) (addressing licensing issue at summary judgment stage). Accordingly, Claremont asks this Court for a "reasonable opportunity" to complete needed discovery and to deny Island Tower's Motion until such time as the parties have completed discovery or at least had a reasonable opportunity to engage in discovery related to the licensure issue.

**B. This Court should not take judicial notice of the Loveless' affidavit, Exhibit 1.**

Admittedly, Courts have considered extrinsic documents that are capable of being judicially noticed on a motion to dismiss for limited purposes. *See Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1279-81 (11th Cir. 1999) (stating that it was inappropriate to take judicial notice of affidavits at the motion to dismiss stage but that publicly available SEC filings could be considered on a motion to dismiss, although not for the truth of the matters asserted therein).

5

However, Island Tower has failed to submit any public records that are properly before the Court for judicial notice. Instead, Island Tower requests that the Court take judicial notice of an alleged hearsay summary of public records found in Exhibit 1, and to conclude based on this hearsay statement that Claremont "has never been licensed as a prime general contractor in the State of Alabama." (Doc.6-1, PageID.51).  The Court should decline to do so under the reasoning of *Federal Rule of Evidence* 201. [2]

"[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process," because "the taking of judicial notice bypasses the safeguards which are involved in the usual process of proving facts by competent evidence in district court."  *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). Under *Federal Rule of Evidence* 201(b), court may take judicial notice of facts without formal proof only where the fact in question is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resources whose accuracy cannot reasonably be questioned."  *Id.* (quoting *Fed. R. Evid.* 201(b)). The burden is on the party seeking judicial notice to demonstrate that the particular fact is not reasonably subject to dispute or is capable of accurate and ready determination by resources whose accuracy cannot be questioned. *See Couch v. Broward County*, 2012 WL 2007148, *1 (S.D. Fla. 2012).

Island Tower's motion fails to satisfy this burden. The cases cited by Island Tower involve judicial notice of the actual public records involved, such as public filings made with the Secretary of State or certified copies of a state's records. *See Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC,* No. 611CV368ORL19GJK, 2012 WL 13103015, at *6 (M.D. Fla. Jan. 18, 2012)

---

[2] At the very least, Claremont requests an opportunity to be heard pursuant to *Federal Rule of Evidence* 201(e) to address the propriety of the Court taking judicial notice of this hearsay affidavit and the subsequent factual assumptions that Defendant wishes the Court to make from this hearsay summary.

(taking judicial notice of secretary of state records when there was not opposition to the taking of judicial notice); *Piccard v. Deedy*, No. 1:21-CV-558-MLB, 2022 WL 832425, at *2 (N.D. Ga. Mar. 21, 2022) (taking judicial notice of actual business licenses and not summary of the same); *Associated Indem. Corp. v. Small*, No. 06-00187-CV-W-REL, 2008 WL 11338112, at *12, 12 n.3 (W.D. Mo. Feb. 20, 2008) (taking judicial notice of print outs from government licensure website and then noting in a footnote that it would also take notice of an affidavit regarding licensure that was consistent with print outs that the Court had just taken judicial notice of at the summary judgment stage). *But see Bryant*, 187 F.3d at 1279 (noting that the truth of the contents of judicially noticed SEC filings could not be considered on a motion to dismiss). However, Island Tower has not requested the Court to take judicial notice of the actual records on file with the Alabama Licensing Board for General Contractors. Instead, it has requested judicial notice regarding hearsay statements contained in an affidavit, and for the Court to make broad factual findings that are beyond the scope of the hearsay summary. *See Learning Connections, Inc*., 2012 WL 13103015, at *6 (noting that judicial notice of licensing history did not establish conclusively that a business license had not been transferred or was not being used by another entity). Accordingly, this request should be denied, and this Court should decline to take judicial notice and make factual findings regarding Claremont's licensure status based on Exhibit 1 pursuant to *Federal Rules of Evidence* 201.

## V.     Island Tower's plausible defenses do not render Claremont's claims implausible.

As discussed above, this Court should disregard the Loveless Affidavit and allow this claim to proceed to discovery in due course. However, even if the Court were to consider the Loveless Affidavit, the Court should still deny Island Tower's motion.  The Loveless Affidavit fails to show that Claremont cannot recover and this action should proceed to discovery.

**A. Even if the Court were to consider the Loveless Affidavit, Island Tower has failed to show that Claremont's Complaint is due to be dismissed.**

Island Tower's motion fails to demonstrate that they are entitled to a dismissal of Claremont's complaint. At most, Island Tower's motion demonstrates that there are questions of fact (and a possible defense for Island Tower) based on whether or not Claremont was properly licensed for the project. This is insufficient and the Court should deny Island Tower's motion.

**1. Claremont was not required to possess a general contractor's license.**

To establish its entitlement to dismissal, Island Tower is required to show that (1) there was an unlicensed contractor; (2) that the contracted work that the unlicensed contractor performed was of the type covered by the licensure statute; and (3) that the "cost" of the work was $50,000. *See Cent. Alabama Home Health Servs., Inc. v. Eubank,* 790 So. 2d 258, 260 (Ala. Civ. App. 2000); ALA. CODE § 34-8-1. Island Tower cannot do so.

As an initial matter, it is not clear from the face of the Complaint whether Claremont was an unlicensed contractor or that Claremont was required to have a general contractor's license. The Loveless Affidavit does not change this fact. *See Learning Connections, Inc.,* 2012 WL 13103015, at *6 (noting that judicial notice of licensing history did not establish conclusively that a license has not been transferred).

Under the Alabama General Contracting Practices Act ("AGCPA"), Ala. Code § 34-8-1, *et. seq.* a general contractor as "one, who, for a fixed price, commission, fee, or wage undertakes to construct or superintend….[the] repair, rehabilitation, remediation….of any building…where the cost of the undertaking is fifty thousand dollars ($50,000.00) or more..." *Ala. Code* § 34-8-1 (1975). However, the general contractor licensing requirements (i.e., Ala. Code § 34-8-1) do not apply when a "person, firm, or corporation constructing a building or other improvements on his,

her, or its own property" contracts work out that constitute general contracting under the statute. *See* Ala. Code § 34-8-7(3).

Here, Island Tower's motion fails to demonstrate that Claremont was required to be a licensed general contractor to perform the work it did. To the contrary, Island Tower acted as its own general contractor, hiring Claremont for remediation work at the properties as part of Island Tower's efforts to improve its properties after the hurricane. As such, Claremont was not required to be a licensed general contractor. Therefore, Island Towers' reliance on *White-Spunner Construction, Inc. v. Construction Completion Company, LLC*, 103 So. 3d 781 (Ala. 2012) is misplaced as *White-Spunner* is inapposite and involved late-stage factual determinations at summary judgment.

Moreover, Claremont was properly working on this project as a subcontractor.[3] Under the AGCPA, a subcontractor is "one, who, for a fixed price, commission, fee, or wage undertakes to construct or superintend….[the] repair, rehabilitation, remediation….of any building…where the cost of the undertaking is fifty thousand dollars ($50,000.00) or more..." *Id.* To determine whether a party is required to obtain a general contracting or subcontracting license, courts look to several factors, "such as, the intent of the parties, the amount of control by the person, and the type of work performed by the person." *Allstate Ins. Co. v. Hugh Cole Builder, Inc.*, 127 F. Supp. 2d 1235, 1237–39 (M.D. Ala. 2001) (question of fact whether consultant who, among other tasks, purchased materials for a project required a general contractor's license for his work for an owner).

In *Allstate Ins. Co. v. Hugh Cole Builder, Inc.*, it was determined that an unlicensed contractor that "dealt directly with some subcontractors, purchased some materials, and consulted

---

[3] If the Court were to consider the Loveless Affidavit (and it should not), the Court should also take note that Claremont, identified in the Affidavit as Texas Claremont Property Company Inc., was licensed as a subcontractor at the time that Claremont entered into the contract with Island Tower. Compare (Doc. 6-2, PageID.55) with (Doc. 1-1, PageID.26).

with [the homeowner] on all aspects of the construction" did not necessarily need to be licensed as a general contractor on a project, in part, because the owner maintained ultimate control over the project. 127 F. Supp. 2d at 1236, 1239. Likewise, in *B.D. Stephenson Trucking, L.L.C,* this Court determined that there was a question of fact as to whether an entity needed to be licensed as a general contractor or a subcontractor to perform certain water and sewer system work that they were hired by a developer to perform. 2006 WL 2772673, at *4.

Similarly, here it is plausible that Claremont was working as a subcontractor or engaging in work that did not require a contractor's license, just as the contractors in *Allstate* and *B.D. Stephenson Trucking LLC* may have been. Therefore, Island Tower's motion has failed to demonstrate that Claremont was required to be a licensed general contractor to perform the work it did, and that Claremont failed to comply with the requirements of Section 34-8-1. Accordingly, Island Tower's motion should be denied.

### 2. Claremont's work was not covered by the Alabama General Contracting Practices Act.

Regardless of licensure status, Island Tower's motion should still be denied because the motion does not conclusively establish that Claremont engaged in actions that constitute "contracting" under the AGCPA. Claremont concedes that the Complaint does use words like "construction" and "repairs." However, Alabama case law makes clear that not all "construction" and "repair" work necessarily constitutes "contracting" for the purposes of the Alabama General Contracting Practices Act.

For example, in *McCord Contract Floors, Inc. v. City of Dothan*, 492 So. 2d 996 (Ala. 1986), the Alabama Supreme Court determined that the installation of carpet did not fall within the purview of the licensing statue. *Id.* at 997 ("The replacement of worn carpeting cannot be characterized as the construction of an 'improvement,' the only term in the statute under which it

could conceivably fit, so the work is not the type of work performed by a general contractor as defined in § 34–8–1."). Similarly, in *Dixie Store Fixtures & Sales Co. v. Supreme Fixture Co.,* 376 So. 2d 703, 705 (Ala. 1979), the Alabama Supreme Court determined that a contract for the purchase and installation of kitchen equipment did not fall within the purview of the AGCPA.

Here, Claremont made repairs and performed work at Island Tower to address certain water and other storm related damage, which included work like the replacing of carpet and the installation of certain equipment. (See Doc. 1-1, PageID11-12.) Accordingly, it is plausible that the work performed by Claremont was not necessarily "contracting" within the meaning of the AGCPA and instead was more similar to the work performed in *McCord Contract Floors, Inc.* and *Dixie Store Fixtures & Sales Co*. Therefore, the Court should deny the motion to dismiss, as it is unclear whether the work performed by Claremont constituted "contracting" under the AGCPA.

### 3. Defendant has failed to establish that the cost of the undertaking at issue was more than $50,000.00.

Claremont concedes that it is seeking recovery for $740,303.41 in damages from Island Tower. However, this fact, standing alone, does not indicate that the cost of Claremont's undertaking under the contract exceeded $50,000.00 or more. *See Tucker v. Walker*, 308 So. 2d 245, 248 (Ala. 1975) (question of fact for trial when there was not dispositive evidence indicating that the "construction" work specifically performed by the allegedly unlicensed contractor met the statutory limits as portions of the payment received may have been for service not within the ambit of the statute). Therefore, the Court should deny Island Tower's motion.

### B. Alternatively, Claremont seeks to leave to amend its complaint.

To the extent this Court is inclined to grant Island Tower's motion, Claremont seeks leave to amend its complaint to specify the nature and timing of the work it performed on the project and the party's relationship to the project.

## **CONCLUSION**

Ultimately, Island Tower's motion seeks to have this Court make premature decisions regarding the validity of the potential contract at issue. This Court should decline to engage in such factual debates at this stage and allow the claims to continue to discovery.

Respectfully submitted**,**

/s/ *Emily B. Van Haneghan*
JACK P. RUSSELL (RUS054)
PATRICK WARD (WAR080)
EMILY B. VAN HANEGHAN (VAN067)
*Counsel for Plaintiff,*
*Claremont Property Company, Inc.*

**OF COUNSEL:**

HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue N, Suite 400
Birmingham, Alabama 35203
Telephone: (205) 324-4400
Facsimile: (205) 322-1163
Email: jrussell@handfirm.com

HAND ARENDALL HARRISON SALE LLC
PO Box 123
Mobile, Alabama 36602
Telephone: (251) 432-5511
Facsimile: (251) 694-6375
Email: pward@handfirm.com
        evanhaneghan@handfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 27th day of June, 2022, I electronically filed the foregoing via the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

George R. Irvine, III
Shawn T. Alves
Tyler W. Thull
Stone Crosby, P.C.
8820 U.S. Highway 90
Daphne, AL  36526
girvine@stonecrosby.com
salves@stonecrosby.com
tthull@stonecrosby.com

/s/ *Emily B. Van Haneghan*