IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CLAREMONT PROPERTY COMPANY, | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| v. | * | CASE NO.: 1:22-CV-00206 |
| | * | |
| ISLAND TOWER OWNERS | * | |
| ASSOCIATION, INC. et. al. | * | |
| | * | |
| *Defendants.* | * | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**COMES NOW**, Defendant, Island Tower Condominium Owners Association, Inc. ("ITCOA"), by and through its undersigned counsel, and files its Reply to Plaintiff's Response (Doc. 12) to Defendant's Motion to Dismiss (Doc. 6) as follows:

**INTRODUCTION**

ITCOA's Motion to Dismiss is due to be granted because Claremont was not properly licensed under Alabama law at the time it performed work in Alabama for which it was required to have a general contractor's license. This Court is well within its authority to take judicial notice of the fact of Claremont's nonlicensure. The determination whether a general contractor license was required for the work alleged in Plaintiff's Complaint is a matter of law, and does not require further discovery of facts. Because Claremont was not licensed as the law requires, it is not entitled to relief on either of its claims.

I. **THIS COURT HAS AUTHORITY TO TAKE JUDICIAL NOTICE OF CLAREMONT'S NONLICENSURE AT ANY STAGE OF THE LITIGATION**

1

"At any stage of the proceeding", the court may take judicial notice of a fact. Fed. R. Evid. 201(d). This Court does not have to wait for the proceedings in the case to reach a point at which a summary judgment may be appropriate before taking judicial notice of the fact that Claremont was not licensed as a general contractor. The Federal Rules of Civil Procedure mandate that the rules, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To promote that purpose, this Court should use every tool it has to resolve this matter at the motion to dismiss stage, including judicial notice. Further, it is a well-established canon of statutory interpretation that courts must give meaning to every word in a statute or rule. See, e.g., *Harry v. Marchant*, 291 F.3d 767, 771 (11th Cir.2002) (stating that in construing a statute, courts must give meaning to all the words in a statute). Thus, this Court should not disregard the provision in Fed. R. Evid. 201(d) authorizing it to take judicial notice at *any* stage of this proceeding, including the Motion to Dismiss stage.

Without any legal or factual basis, Claremont questions the validity of the affidavit of Tiffany Loveless, the Executive Director and custodian of records for the Alabama Licensing Board for General Contractors. Claremont alleges that the affidavit is hearsay and that ITCOA has not met its burden of showing that the fact of nonlicensure is capable of accurate and ready determination by resources whose accuracy cannot be questioned. However, the affidavit is not hearsay pursuant to Fed. R. Evid. Rule 803(7), and ITCOA has met the burden of showing that the fact of Claremont's nonlicensure is capable of accurate and ready determination by sources whose accuracy cannot be questioned.

Here, there is no copy of the state's record of licensure to be had because Claremont is not licensed. Thus, the only way for the state to communicate the fact of the absence in the public record of licensure is by an affidavit stating the absence of licensure in the state's public record.

This specific kind of affidavit of nonlicensure is subject to judicial notice. *See Associated Indem. Corp. v. Small*, No. 06-00187-CV-W-REL, 2008 WL 11338112, n.4 (W.D. Mo. Feb. 20, 2008) (taking judicial notice pursuant to FRE 201 of Vanessa Beauchamp, Executive Director of the Missouri Real Estate Appraisal Commission's November 20, 2007, affidavit wherein she testified that "[t]he Commission's records reflect that Randy Grundy or Randy M. Grundy are not presently nor have they ever been licensed nor certified as an Appraiser by the Missouri Real Estate Appraisal Commission."); *see also Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, No. 611CV368ORL19GJK, 2012 WL 13103015 (M.D. Fla. Jan. 18, 2012)(taking judicial notice of plaintiff's licensing history as kept in records of Secretary of State of Tennessee). The affidavit of the Executive Director of the Alabama Licensing Board for General Contractors is a statement of public record, and Claremont does not dispute that public records are subject to judicial notice. (Doc. 12, pg. 6).

Further, the Loveless Affidavit is not hearsay, as it falls under the hearsay exception provided for in Fed. R. Evid. Rule 803(7). Fed. R. Evid. Rules 803(6) and 803(7) make exceptions from the hearsay rule for the following types of documents:

> **(6) Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.
>
> **(7) Absence of a Record of a Regularly Conducted Activity.** Evidence that a matter is not included in a record described in paragraph (6) if:

3

     (A) the evidence is admitted to prove that the matter did not occur or exist;
     (B) a record was regularly kept for a matter of that kind; and
     (C) the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness.

  Here, the affidavit of Tiffany Loveless is being offered to show that Claremont's licensure as a general contractor in Alabama is not included in the regularly kept records of the Alabama Licensing Board for General Contractors. Claremont has not shown any reason that either Tiffany Loveless or the Alabama Licensing Board for General Contractors lacks trustworthiness. The requirements of paragraph 6 of Rule 803 are met because the affidavit is a certification by the custodian of the domestic records of the regularly conducted activity of general contractor licensure, per the certification requirements of Fed. R. Evid. 902(11). As a statement of the absence of any record of Claremont being licensed as a prime general contractor in Alabama is a statement of the absence of the record of a regularly conducted activity, general contractor licensure, that that complies with all the Rule 803 and 902 requirements, the Loveless Affidavit is not hearsay and is admissible as a statement of the absence of Claremont's licensure in the public record.

  Though it is not necessary, as the affidavit is a statement of the contents of the public record by the custodian of those records, ITCOA herewith supplements the affidavit with printouts of two searches of the Alabama Licensing Board for General Contractors website, attached as Exhibit 1 and 2 to this reply brief. *See Jackson v. United States*, No. 3:10-CR-198-J34-PDB, 2014 WL 5474132, at *12 (M.D. Fla. Oct. 29, 2014) (taking judicial notice of a party's membership in the Florida Bar and "good standing" status because they could be readily and accurately determined from Florida Bar records on www.floridabar.org, and the accuracy of those records cannot reasonably be questioned). These screen prints demonstrate Claremont

Property Company's lack of a general contractor's license in Alabama. Pursuant to Federal Rule of Evidence 201, ITCOA hereby requests that this Court take judicial notice of the printouts. The searches were done on July 5, 2022, as stated in the top left of the printouts. Exhibit 1 shows the result of a search for "Claremont Property Company", with a result that says "No records found! —Search again". Exhibit 2 shows the result of a search for "Texas Claremont Property Company", with a result that says "No records found! —Search again".

As the Court knows, it is authorized to take judicial notice of a fact that (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The court "may take judicial notice at any stage of the proceeding" and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(d); Fed. R. Evid. 201(c)(2). These government website printouts of search results can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned because the website is maintained by a government agency. The public records search on that government website shows that there is no record of a general contractor license being issued to Claremont Property Company or to Texas Claremont Property Company.

## II. NO FACT WILL ARISE IN DISCOVERY THAT WILL ENTITLE CLAREMONT TO RECOVER ON ITS CLAIMS.

Any discovery that Claremont may conduct will not change the fact that Claremont was not licensed as the statute requires when it performed the work for which it seeks recovery in its Complaint. This fact, standing alone, renders the work performed illegal and prevents recovery for that work. Where the definition of general contractor under the Alabama General Contractor's Practice Act ("AGCPA") is met, express or implied contracts with unlicensed general contractors

are void as a violation of public policy. *Hawkins v. League*, 398 So. 2d 232, 237 (Ala. 1981); *see also White-Spunner Const., Inc. v. Constr. Completion Co., LLC*, 103 So. 3d 781, 788 (Ala. 2012).

Claremont argues at page 11 of its Response (Doc. 12, PageID.71) that it needs to conduct discovery because the cost of the work described in its Complaint may amount to less than $50,000.00.[1] This argument, seems to directly contradict its allegation of $740,000.00 in damages sought by its Complaint. Claremont's damage claim asserted in Paragraph 10 of its Complaint (Doc. 1-1, PageID.12) was only based on the work allegedly performed by Claremont pursuant to its contract with ITCOA. Claremont's argument in its response brief (at Doc. 12, Page ID. 71) that the work it performed was potentially worth less than $50,000.00 is nonsensical and contradicts its own damages claim.

Claremont's argument that it needs more discovery for the specific purpose of determining whether the cost of the work was either the stated amount of $740,303.41, or whether it was less than $50,000.00, is ridiculous. Why does Claremont need discovery from ITCOA for that purpose? Doesn't Claremont know what work it performed and what materials it acquired to perform that work?

Where there is any question which parts of work done and materials purchased add up to the qualifying amount for application of the licensure statute, the Supreme Court of Alabama has said that, "when the word 'cost' in the definition above [the general contractor licensure statute] is construed in context, we believe it refers to the amount which the contractor is to receive for his work and not merely the out-of-pocket expenses incurred by the contractor in performing the work." *Hawkins v. League*, 398 So. 2d 232, 236 (Ala. 1981), citing *Tucker v. Walker*, 293 Ala. 589, 592, 308 So.2d 245 (1975) (emphasis added). All of the work for which Claremont seeks

---

[1] The licensing statute only requires a license if the value of the work provided by the contractor is at least $50,000.00.

recovery and all of the materials it purchased is included in the total cost for the purpose of determining whether the licensure requirement applies.

### III. CLAREMONT ACTED AS A GENERAL CONTRACTOR.

Claremont makes a convoluted argument attempting to create and then fall into, an exception to the law's licensure requirements. It seems to assert that (1) property owners undertaking contracting work on their own property are exempt from licensing requirements, (2) ITCOA is an owner of the property that Claremont contracted to work on, and (3) Claremont was subcontracted to ITCOA and therefore did not have to be licensed as a general contractor. By this argument, Claremont asks this Court to ignore the language of the General Contractor Licensure Statute and the allegation of Claremont's own Complaint that admits it performed work that falls within the ambit of the licensure statute, as discussed in ITCOA's previous brief.

Further, the regulations of the Licensing Board for General Contractors directly contradict Claremont's argument. The owner exception is established at Chapter 230-x-1-.07 as follows:

> **Owner/Builder.** A person, firm or corporation which undertakes to construct a building or other improvements on his/her own real property… is not required to be licensed as a general contractor, if the person, firm or corporation's own forces (non-contractual) are used. *An owner/builder may only let and/or award contracts for work in the amount of $50,000* ($5,000 for swimming pools) *or greater to a properly licensed prime contractor.* (emphasis added).

Even under the above regulation, where construction work is performed by an owner/builder if any contracted-out work is valued at or in excess of $50,000.00 the contractor must be a properly licensed prime contractor. Claremont alleged in its Complaint that it contracted to do the construction work on the property and that the work done under that contract is the basis

of its claims against ITCOA. (Compl. ¶¶ 7, 13, 14, 17, Doc. 1-1, PageID.12-13).[2] Therefore, based on its own assertions, the AGCPA, and agency regulations, Claremont was required to be licensed as a prime general contractor.

The Supreme Court of Alabama was not convinced by this same argument in *Hawkins v. League*, 398 So. 2d 232, 236–37 (Ala. 1981). In that case, the unlicensed contractor, Hawkins, argued that he was exempt from the licensing statute because he was hired by an owner, League, to do work on his own property. The court held:

> We find that none of these exemptions apply here. As noted above, League is not a licensed general contractor under which Hawkins may legally subcontract. Furthermore, the owner of the property here, League, did not perform the work himself, but hired a contractor, Hawkins, to do it.
>
> Hawkins argues that, since League is the owner who would need no license and Hawkins is subcontracted to League, both these exemptions can somehow be blended together to spare Hawkins the licensing requirement. We cannot agree that this twisted construction "seems to be the intent of the statute" as claimed by Hawkins.

398 So. 2d 232, 236–37 (Ala. 1981).

Claremont seeks a similarly twisted construction of the licensure statute. Its construction would thwart the intent of the statute "to protect the public against incompetent contractors for certain-type structures, and also to better assure properly constructed structures which were free from defects and dangers to the public." *Cooper v. Johnston*, 283 Ala. 565, 567 (1969).

Even if this Court were to disregard the regulation discussed above and accept the twisted construction of the owner exception that Claremont offers, the exception still would not apply in this case because the Association does not own the units that Claremont was hired to repair. The exception only states that owners of property undertaking construction on their own property,

---

[2] When determining whether to grant a motion to dismiss, the court must view the allegations in the Complaint as true. *Irby v. Evonik Corp.*, No. 1:20-CV-337-TFM-M, 2021 WL 6050434, at *2 (S.D. Ala. Mar. 23, 2021).

themselves, do not need to have general contractor licenses. The statute that Claremont cites as the basis for its purported owner exception is as follows:

> (3) A person, firm, or corporation constructing a building or other improvements on his, her, or its own property provided that any of the work contracted out complies with the definition in this chapter for general contractor.

Ala. Code § 34-8-7.

The owner exception does not apply here because, among other reasons, ITCOA does not own the units that Claremont was hired to repair. Individual unit owners own those units. In its Complaint and in its Response to ITCOA's Motion to Dismiss, Claremont did not allege that ITCOA owned the units, so it has no basis to make its argument that it might be entitled to an exception under its twisted construction of the licensure statute. However, even where properties *are* owned by entities that hired unlicensed contractors, Alabama courts have consistently applied the general contractor licensing requirement. *See Cochran v. Ozark Country Club, Inc.*, 339 So.2d 1023 (Ala.1976); *Cooper v. Johnston*, 283 Ala. 565, 219 So.2d 392 (1969).

## IV.   CONCLUSION

As noted in ITCOA's Brief in Support of its Motion to Dismiss, Claremont was acting as a general contractor under the statutory definition, based on the assertions in its Complaint. This Court should dismiss Claremont's Complaint because the claims therein request relief that is prohibited by Alabama law. Claremont's arguments that it was not required to be licensed in Alabama as a general contractor all fail as a matter of law. Because Claremont has failed to state any claims upon which relief can be granted, its Complaint is due to be dismissed.

Respectfully submitted,

*s/ Tyler W. Thull*
GEORGE R. IRVINE, III (IRV001)
SHAWN T. ALVES (ALV009)
TYLER W. THULL (THU009)

*Attorneys for Island Tower Owners Association, Inc.*

**STONE CROSBY, P.C.**
Attorneys at Law
8820 U.S. Highway 90
Daphne, Alabama 36526
Email:  girvine@stonecrosby.com
          salves@stonecrosby.com
          tthull@stonecrosby.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of July, 2022, I electronically filed the foregoing via the Court's CM/ECF system, and I also served a copy via-first class United States mail, postage prepaid, upon the following:

Jack P. Russell, Esq.
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue N. Suite 400
Birmingham, Alabama 35203
Email:  jrussell@handfirm.com
-and-
Patrick Ward, Esq.
Emily B. Van Haneghan, Esq.
Post Office Box 123
Mobile, Alabama 36601-0123
Email:  pward@handfirm.com
          evanhaneghan@handfirm.com
*Attorneys for Plaintiff, Claremont Property
          Company, Inc.*

*s/Tyler W. Thull*
TYLER W. THULL