## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CLAREMONT PROPERTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV. ACT. NO. 1:22-cv-206-TFM-N |
| ISLAND TOWERS OWNERS ASSOCIATION, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Island Tower Owners Association, Inc.'s *Motion to Dismiss* (Doc. 6, filed 06/02/22). Plaintiff filed a response and Defendant filed a reply. Docs. 12, 18. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant moves the Court to dismiss the claims brought against it by Plaintiff. For the reasons detailed below, the motion to dismiss is **DENIED**.

### I.    BACKGROUND

On March 21, 2022, Plaintiff Claremont Property Company ("Plaintiff") originally filed its Complaint in the Circuit Court of Baldwin County, Alabama. Doc. 1-1. On May 26, 2022, Defendant removed the case to this Court. Doc. 1. Plaintiff's complaint asserts claims for breach of contract and unjust enrichment/quantum meruit. Plaintiff is a Texas corporation that specializes in restoring and remediating properties that have experienced "a water, fire, or other destructive event." Doc. 1-1. at 20. Defendant is a condominium complex in Gulf Shores, Alabama. *Id.* at 21. Plaintiff alleges that Defendant contracted with them to perform construction for the condominium complex. *Id.* Plaintiff further alleges that it performed extensive work for Defendant, and that Defendant has failed to pay the amounts due under the invoices. *Id.*

On June 2, 2022, Defendant filed the instant motion to dismiss. Doc. 6. Plaintiff timely filed its response and Defendant timely filed its reply. Docs. 12, 18. The motion to dismiss is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

## II.    STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955."). Because a Fed. R. Civ. P. 12 (b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g.*, *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g.*, *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not

resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence*, 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P. 12(b)(6) purposes.").

### III.   DISCUSSION AND ANALYSIS

Defendant makes two arguments pursuant to Fed. R. Civ. P. 12(b)(6).  First, Defendant argues that Count II fails to state a claim for which relief can be granted because "Plaintiff's allegation to the existence of an express contract covering the subject matter of its equitable claim and its suit to enforce the contract by Count I (Breach of Contract) establishes that a remedy at law exists which precludes equitable recovery."  Doc. 6 at 1.  Second, Defendant argues that both Count I and Count II fail to state a claim upon which relief can be granted "because Claremont is an unlicensed general contractor and Alabama law prohibits recovery in contract or equity for work done in violation of the licensure statute." *Id.*  The Court addresses each argument below.

**A.  Count II fails to state a claim for which relief can be granted because Plaintiff's allegation to the existence of an express contract covering the subject matter of its equitable claim and its suit to enforce the contract by Count I establishes that a remedy at law exists which precludes equitable recovery.**

Defendant argues that Count II should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)

because, by alleging that there is an express contract covering the claim in Count I, Plaintiff establishes that a remedy at law exists which precludes equitable recovery, including recovery under theories of unjust enrichment or quantum meruit.

Fed. R. Civ. P. 8(d)(2) provides "[a] party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." FED. R. CIV. P. 8(d)(2).  Further, "[a] plaintiff may proceed under both a breach of contract claim, and an unjust enrichment claim on the same subject when the *existence or enforceability of the contract is in dispute*."  *Forward Momentum, LLC v. Team Health Inc.*, Civ. Act. No. 2:17-CV-346-ECM, 2019 U.S. Dist. LEXIS 187794, 2019 WL 5616904, at *3 (M.D. Ala. Oct. 30, 2019) (emphasis in original).

Here, Defendant argues that the existence of a contract governing Plaintiff's claims is not in dispute, therefore Plaintiff's claim for unjust enrichment or quantum meruit should be dismissed.  *See* Doc. 6-1 at 5.  However, in the same motion, Defendant proceeds to argue that the contract Plaintiff seeks to enforce is void.  *See id.*  Accordingly, as Defendant's arguments presented in its motion to dismiss clearly dispute the enforceability of the contract at issue in this case, at this stage Plaintiff may proceed under both its breach of contract claim and unjust enrichment claim.

**B.  Counts I and II fail to state a claim upon which relief can be granted because Claremont is an unlicensed general contractor and Alabama law prohibits recovery in contract or equity for work done in violation of the licensure statute.**

Defendant also argues that Counts I and II are both due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Claremont is an unlicensed general contractor, and Alabama law prohibits recovery in contract or equity for work done in violation of the licensure statute.  In its motion to dismiss, Defendant urges the Court to take judicial notice of Claremont's alleged non-licensure.  In support of its request for judicial notice, Defendant submits an affidavit from Tiffany

Loveless, Executive Director for the Alabama Licensing Board for General Contractors.  Doc. 6-2.  In summary, the affidavit states that there is no record of a license for TEXAS CLAREMONT PROPERTY COMPANY INC. or CLAREMONT PROPERTY COMPANY for the relevant period.  *Id.*  Plaintiff disputes Defendant's assertion that it was unlicensed.  *See* Doc. 12.

Defendant cites several cases for the proposition that the Court may take judicial notice of records of licensure.  *See* Doc. 6-1 at 8-9.  However, the cases cited by Defendant were not at the early stage of a motion to dismiss.  Rather, the majority were at summary judgment where the Court may consider evidence.  Further, none of the cases cited by Defendant are binding authority on this Court.

Upon a motion to dismiss, the scope of review is limited to the four corners of the complaint.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  Submission of evidence outside of the pleadings generally requires conversion of a Rule 12(b)(6) motion into a motion for summary judgment.  *Prop. Mgmt. & Inv., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985).  However, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed."  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Here, the affidavit regarding Plaintiff's licensure is in dispute.  Accordingly, the Court will not consider the affidavit on this motion to dismiss.  Whether Plaintiff was properly licensed is a factual dispute, and because dismissal turns on whether Plaintiff was properly licensed, Defendant's motion to dismiss for failure to state a claim upon which relief can be granted is **DENIED**.  *See Lawrence*, 919 F.2d at 1529 (noting that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss).

## IV.    CONCLUSION

Accordingly, for the reasons stated above, the motion to dismiss (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** this 14th day of February, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE