# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CLAREMONT PROPERTY COMPANY, INC., | * * * |
| Plaintiff, | * * |
| v. | *   Case No. 1:22-cv-00206-TFM-N  * |
| ISLAND TOWER OWNERS ASSOCIATION, INC., et al., | * * * |
| Defendants. | * |
| ISLAND TOWER OWNERS ASSOCIATION, INC. | * * * |
| Counterclaim Plaintiff, | * * |
| v. | * * |
| CLAREMONT PROPERTY COMPANY, INC., | * * * |
| Counterclaim Defendant. | * |

## ANSWER TO COUNTERCLAIM OF DEFENDANT, ISLAND TOWER OWNERS ASSOCIATION, INC.

Plaintiff and Counterclaim Defendant, Claremont Property Company, Inc. ("Claremont"), for Answer to the Counterclaim of Defendant/Counterclaim Plaintiff, Island Tower Owners Association, Inc., states as follows:

**Parties**

1. Upon information and belief, admitted.

2. Admitted.

1

**Factual Allegations**

3. Admitted that the subject property in this case is the Island Tower Condominiums ("Island Tower"), located at or near 521 W. Beach Blvd., Gulf Shores, Alabama. Otherwise denied.

4. Admitted that Island Tower was damaged. As to the remaining allegations in this paragraph, including the cause of the damage, Claremont lacks sufficient knowledge or information to admit or deny these allegations and therefore denies the remaining allegations in this paragraph.

5. Admitted that Island Tower was damaged. As to the remaining allegations in this paragraph, Claremont lacks sufficient knowledge or information to admit or deny these allegations and therefore denies the remaining allegations in this paragraph.

6. Admitted that Counterclaim Plaintiff and Claremont entered into an agreement on or about November 20, 2020. The language of the agreement speaks for itself. Therefore, the remaining allegations in this paragraph are denied.

7. The language of the agreement speaks for itself. Therefore, denied.

8. Denied.

9. Admitted that SRP Environmental, LLC performed work at Island Tower pursuant to an agreement with Claremont. Otherwise denied.

10. Admitted that SRP Environmental, LLC discovered extensive moisture and potential microbial growth at Island Tower. Otherwise denied.

11. Admitted that an amendment was made to the parties' initial agreement. Otherwise denied.

12. Admitted that an amendment was made to the parties' initial agreement. The language of the agreement speaks for itself. Therefore, the remaining allegations in this paragraph are denied.

13. Admitted that there was significant water damage and microbial growth at Island Tower. Claremont lacks sufficient knowledge or information to admit or deny Counterclaim Plaintiff's allegations regarding their hiring of Capital Beltway Environmental. Therefore, that allegation is denied. The remaining allegations in this paragraph are denied.

14. Admitted that SRP Environmental, LLC performed work at Island Tower. Otherwise, denied.

15. Admitted that work stopped at Island Tower. Claremont lacks sufficient knowledge or information to admit or deny the allegations regarding what the Counterclaim Plaintiff concluded. Therefore, denied. The remaining allegations in this paragraph are denied.

16. Admitted that Claremont submitted invoices to Counterclaim Plaintiff. Admitted that the outstanding balance that remains on these invoices is $740,303.41. Otherwise denied.

17. Denied.

## COUNT I
## DECLARATORY JUDGMENT

18. Claremont hereby adopts and incorporates by reference its responses to each and every allegation set forth in Paragraphs 1-17 as if fully forth herein.

19. The language of the statute speaks for itself. Therefore, denied.

20. The language of the cited court opinions speaks for itself. Therefore, denied.

21. The language of the cited court opinions and statute speaks for itself. Therefore, denied.

22. Denied.

The unnumbered "WHEREFORE" paragraph is denied.

## COUNT II
## NEGLIGENCE[1]

26. Claremont hereby adopts and incorporates by reference its responses to each and every allegation set forth in Paragraphs 1-17 as if fully forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

The unnumbered "WHEREFORE" paragraph is denied.

## AFFIRMATIVE DEFENSES

## GENERAL DENIAL

Claremont denies each and every allegation not expressly admitted herein and denies that Counterclaim Plaintiff is entitled to any recovery in this case.

## FIRST DEFENSE

Counterclaim Plaintiff has failed to state a claim upon which relief can be granted and its Counterclaim complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Counterclaim Plaintiff's claims are or may be barred by the applicable statute of limitations.

---

[1] The Counterclaim Complaint skips paragraphs 23-25, and Claremont has matched the numbering in the Counterclaim Complaint. To the extent required, Claremont denies paragraphs 23-25.

### THIRD DEFENSE

Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrines of release, accord and satisfaction.

### FOURTH DEFENSE

Counterclaim Plaintiff's claims are barred by the absence of any damages and/or by their failure to mitigate damage.

### FIFTH DEFENSE

Counterclaim Plaintiff's claims are barred by the fact that they were *in pari delicto*.

### SIXTH DEFENSE

Claremont pleads the equitable doctrines of waiver, estoppel, laches, unclean hands and the absence of a duty.

### SEVENTH DEFENSE

Counterclaim Plaintiff's claims are barred by the doctrine of unjust enrichment.

### EIGHTH DEFENSE

Counterclaim Plaintiff's claims are barred by the economic loss rule.

### NINTH DEFENSE

Claremont is entitled to a set off and/or offset for work performed.

### TENTH DEFENSE

Counterclaim Plaintiff cannot establish that Claremont was an unlicensed contractor.

### ELEVENTH DEFENSE

If Claremont is an unlicensed contractor as alleged (and it is not) and therefore the parties' contract is illegal (and it is not), Counterclaim Plaintiff cannot recover for its claims based on Claremont's allegedly illegal contract with them.

## TWELFTH DEFENSE

Counterclaim Plaintiff ratified the subject contract.

## THIRTEENTH DEFENSE

Counterclaim Plaintiff breached the subject contract and failed to perform under the alleged contract; therefore, there can be no remedy to Counterclaim Plaintiff for any alleged breach.

## FOURTEENTH DEFENSE

Any damages should be limited or barred by the contracts or agreements, Constitution of the United States of America, Constitution of Alabama, and/or any other statutory or common law. This includes any caps on compensatory and punitive damages existing in statutory and/or common law.

## FIFTEENTH DEFENSE

To the extent that the alleged breaches or duty or negligent acts or omissions relate to the duties or obligations outside the scope of Claremont's contractual obligations and/or are the result of another party, Claremont is not liable.

## SIXTEENTH DEFENSE

Counterclaim Plaintiff has failed to join indispensable parties, including other persons or entities responsible for the alleged actions complained of in the Counterclaim.

## SEVENTEENTH DEFENSE

Claremont did not breach the applicable standard of care.

## EIGHTEENTH DEFENSE

Claremont did not breach any duty owed to the Counterclaim Plaintiff.

## NINETEENTH DEFENSE

Claremont pleads setoff, payment, and release.

### TWENTIETH DEFENSE

Claremont pleads that any injury, loss, or damages that may have been sustained by Counterclaim Plaintiff or that form the basis of the Counterclaim were the result of an independent, intervening agency or instrumentality and/or of a superseding or intervening cause that was not the fault of Claremont.

### TWENTY-FIRST DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to Claremont under the Constitution of Alabama.

### TWENTY-SECOND DEFENSE

Any award of punitive damages in this case would be in violation of the constitutional safeguards provided to Claremont under the Constitution of the United States.

### TWENTY-THIRD DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the *Constitution of the United States*; of the right to counsel provided by the Sixth Amendment of the *Constitution of the United States*; of the right to trial by jury of the Seventh Amendment of the *Constitution of the United States*; of the proportionality principles contained in the Eighth Amendment of the *Constitution of the United States*; the Due Process Clause of the Fourteenth Amendment of the *Constitution of the United States*; and Article 1, Sections 1, 6, 9, 11, 13, 15, and 35 of the *Constitution of Alabama*, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

    1.    The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, this Counterclaim Defendant has not been put on notice

and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform its conduct accordingly;

2. The procedures to be followed permit an award of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

3. The procedures to be followed permit the award of multiple punitive damages for the same act or omission;

4. There are insufficient provisions or standards for clear and consistent appellate review of any award of punitive damages under present Alabama law;

5. The standards of conduct upon which punitive damages are sought are vague and ambiguous;

6. The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous;

7. The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations based on their notions of what the law should be instead of what it is;

8. The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

9. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10. Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12. The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against a defendant;

13. The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability;

14. An award of punitive damages provides compensation for elements of damage not otherwise recognized by Alabama law.

15. Present Alabama procedures permit awards of punitive damages that constitute excessive fines.

16. An award of punitive damages in this case would permit punishment other than by virtue of a law established and promulgated prior to the alleged offense in this case.

17. The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the Counterclaim Defendant or the compensatory damages awarded to the Counterclaim Plaintiff, if any.

### TWENTY-FOURTH DEFENSE

The imposition of punitive damages deprives Claremont of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the *Constitution of the United*

*States* and in Article 1, Sections 1 and 6, of the *Constitution of Alabama* of 1901 for the following reasons, jointly and separately:

1. Punitive damages are sought in excess of the respective maximums established by the Alabama Legislature in 13A-5-11 and 13A-5-12, *Code of Alabama* (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability have the benefit of the cited code provisions;

2. The procedures to be followed permit the awarding of punitive damages upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure the equality of treatment between and among similarly situated civil defendants;

4. Punitive damages are penal in nature, and defendants, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## TWENTY-FIFTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in 13A-5-11 and 13A-5-12, *Code of Alabama* (1975), jointly and separately.

## TWENTY-SIXTH DEFENSE

The assessment and adjudication against a defendant of any punitive damages other than

those measured according to its sole, individual conduct would be improper and impermissible.

## TWENTY-SEVENTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the *Constitution of the United States* for the following reasons, jointly and severally:

1. The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the Counterclaim Plaintiff;

2. The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of the Counterclaim Defendant's property with no rationally stated purpose; and

3. Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process.

## TWENTY-EIGHTH DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the *Constitution of the United States* and Article 1, Sections 5 and 6 of the *Constitution of Alabama* because punitive damages are penal in nature, and defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## TWENTY-NINTH DEFENSE

Present Alabama punitive damages procedures allow the jury to punish defendants for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the *Constitution of the United States*.

### THIRTIETH DEFENSE

Counterclaim Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Claremont's financial worth in determining the amount of punitive damages to be awarded because punitive damages are a form of punishment grounded in Claremont's status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments of the *Constitution of the United States* and Article I, Sections 1, 6, 13 and 22 of the *Constitution of Alabama*.

### THIRTY-FIRST DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the *Constitution of the United States* because the standards for such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

### THIRTY-SECOND DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the *Constitution of the United States* and Article 1, Section 6 of the *Constitution of Alabama*.

### THIRTY-THIRD DEFENSE

Any award of punitive damages to the Plaintiffs in this case would be in violation of Article 1, Section 10, Clause 1 of the *Constitution of the United States* and Article 1, Section 22 of the *Constitution of Alabama* prohibiting laws which impair the obligation of contracts.

### THIRTY-FOURTH DEFENSE

The imposition of punitive damages in this case violates the double jeopardy clause of the

Fifth Amendment of the *Constitution of the United States* as incorporated into the Fourteenth Amendment of the *Constitution of the United States*.

### THIRTY-FIFTH DEFENSE

Any award of punitive damages cannot exceed the maximum award allowed pursuant to *Alabama Code* § 6-11-21.

### THIRTY-SIXTH DEFENSE

All work performed under the contract was performed in a workmanlike manner in accordance with all applicable standards and the parties' agreement.

### THIRTY-SEVENTH DEFENSE

Claremont denies that it breached any duty or engaged in any other alleged negligent conduct that is improper under applicable law and denies that any conduct by it proximately caused the injuries alleged by Counterclaim Plaintiff or that form the basis of the Counterclaim.

### THIRTY-EIGHTH DEFENSE

No act or omission of Claremont was the cause, in fact or proximate cause, of alleged damages or injuries sustained by Counterclaim Plaintiff or that form the basis of the Counterclaim.

### THIRTY-NINTH DEFENSE

Claremont denies that it was guilty of any negligent conduct or that any conduct on its part proximately cause the damages/injuries complained of in the Counterclaim or that form the basis of the Counterclaim.

### FORTIETH DEFENSE

Claremont reserves the right to amend its Answer to this Counterclaim and to add additional defenses that may become known or apparent to it through the conduct of discovery. To

the extent that any of the foregoing allegations in the Counterclaim have not been expressly admitted or denied, they are hereby denied.

                                                Respectfully submitted**,**

                                                /s/ *Emily B. Van Haneghan*
                                                JACK P. RUSSELL
                                                PATRICK WARD
                                                EMILY B. VAN HANEGHAN
                                                *Counsel for Plaintiff / Counterclaim Defendant, Claremont Property Company, Inc.*

**OF COUNSEL:**

HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue N, Suite 400
Birmingham, Alabama 35203
Telephone: (205) 324-4400
Facsimile: (205) 322-1163
Email: jrussell@handfirm.com

HAND ARENDALL HARRISON SALE LLC
PO Box 123
Mobile, Alabama 36602
Telephone: (251) 432-5511
Facsimile: (251) 694-6375
Email: pward@handfirm.com
       evanhaneghan@handfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 21st day of March, 2023, I electronically filed the foregoing via the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

George R. Irvine, III
Shawn T. Alves
Tyler W. Thull
Stone Crosby, P.C.
8820 U.S. Highway 90
Daphne, AL  36526
girvine@stonecrosby.com
salves@stonecrosby.com
tthull@stonecrosby.com

                              /s/ *Emily B. Van Haneghan*